BENJAMIN MIZER
PRINCIPAL DEPUTY ASSISTANT ATTORNEY GENERAL

BRIAN J. STRETCH, CA No. 163973
Acting United States Attorney
ALEX G. TSE, CA No. 152348
Chief, Civil Division
ERIC J. ADAMS, CA No. 135893
Special Assistant U.S. Attorney

    U.S. Small Business Administration
    455 Market Street, Suite 600
    San Francisco, CA  94105
    Telephone: (415) 744-8440
    Facsimile: (415) 744-6812
    eric.adams@sba.gov

CHRISTOPHER J. MCCLINTOCK, VA Bar No. 68417
ARLENE M. EMBREY, FL Bar No. 0125539
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third St., S.W.
Washington, D.C. 20416
Telephone: (202) 205-7715
Facsimile: (202) 481-5497
christopher.mcclintock@sba.gov

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil Action No. |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT FOR |
| v. ) | RECEIVERSHIP AND |
| RED ROCK VENTURES - SBIC III, L.P. ) | PERMANENT INJUNCTIVE |
| ) | RELIEF |
| Defendant. ) | |

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the U.S. Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States on behalf of its agency, the U.S. Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

**2.** Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§687(d), 687c, 687h; the Small Business Act, 15 U.S.C. §634(b)(1); and 28 U.S.C. §1345.

3. Defendant, Red Rock Ventures - SBIC III, L.P. (hereinafter "Red Rock III" or "Licensee"), is a Delaware limited partnership that maintains its place of business and principal office at 530 Lytton Avenue, 2nd Floor, Palo Alto, CA  94301 (Santa Clara County).  Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. §1391(b).

### INTERDISTRICT ASSIGNMENT

4. Pursuant to L.R. 3-2(c) and (e), this action is properly assigned to the San Jose Division because the Defendant's principal office is located in Santa Clara County.

### COMMON ALLEGATIONS

#### Statutory and Regulatory Framework

5. Red Rock III was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. §681(c) on or about December 28, 2001, SBA License No. 09/79-0440.

6. Red Rock III's general partner is RRV Partners IIIA, LLC.

7. As a licensee of SBA under Section 301 of the Act, 15 U.S.C. §681(a), and pursuant to 13 C.F.R. §107.160, Red Rock III exists solely for the purpose of performing the functions and conducting the activities contemplated under the Act.

8.  Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

### Federal Funding of Red Rock III

9.  Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide federal funding to licensed SBICs, called Leverage under SBA's regulations, 13 C.F.R. §107.1100.

10. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided federal funding to Red Rock III through the purchase and/or guaranty of a Preferred Limited Partnership interest, a form of Participating Securities that is also a form of Leverage under 13 C.F.R. §§107.1100 and 1500.

11. Specifically, SBA provided Leverage to Red Rock III as follows:

| Loan Number | Principal Balance | Date Disbursed | Rate |
|---|---|---|---|
| 02046965-09 | 1,069,957.73 | 05-04-2006 | 5.681 |
| 02046966-07 | 2,500,000.00 | 05-04-2006 | 5.681 |
| 02046967-05 | 540,237.21 | 05-04-2006 | 5.681 |
| 02046968-03 | 3,700,000.00 | 08-02-2006 | 5.681 |
| 02046969-01 | 3,000,000.00 | 09-28-2006 | 5.459 |
| 02046970-04 | 2,220,000.00 | 09-28-2006 | 5.459 |
| 02046971-02 | 2,020,000.00 | 09-29-2006 | 5.459 |
| 02046972-00 | 2,430,000.00 | 09-29-2006 | 5.459 |
| 02057151-05 | 4,180,000.00 | 03-13-2008 | 5.944 |
| 02057152-03 | 2,800,000.00 | 06-02-2008 | 5.944 |
| 02057153-01 | 4,090,000.00 | 01-18-2006 | 5.408 |
|  | $28,550,194.94 |  |  |

12. Among other features, they are redeemable by SBA at a date-certain regardless of performance of the SBIC and also carry with them other payment

obligations that are dependent on earnings, such as Prioritized Payments, an "annual" 1% Charge, Adjustments and Profit Participation, as applicable.

13. To date, Red Rock III owes SBA $28,550,194.94 in outstanding Leverage.

14. SBA, through a third party financial institution, offers guaranteed participation certificates evidencing undivided interests in pools of Participating Securities to private investors pursuant to 13 C.F.R. §107.1600, et seq. SBA guarantees the timely payment of principal and prioritized payments when due. In the event of failure by an SBIC to make a payment, SBA will pay the investors the entire amount due through the next payment date. SBA has exercised upon its guarantee to investors and has paid the entire amount, plus prioritized payments, to the investor pool.

15. Red Rock III's obligation to repay SBA the $28,550,194.94 is recognized on Red Rock III's audited financials submitted to SBA on Form 468 as required by 13 C.F.R. §107.630.

16. Red Rock III's general partner attested to the accuracy of the most recently filed audited Form 468 under criminal penalties.

### SBA's Authority for Regulatory Enforcement Against Red Rock III

17. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as Red Rock III may be forfeited and the company may be declared dissolved.

18. Section 311 of the Act, 15 U.S.C. §687c, provides that if SBA determines that a Licensee such as Red Rock III has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts

or practices.  The Court is authorized by 15 U.S.C. §687c(c) to appoint SBA to act as receiver for such Licensee.

### Red Rock III is in Violation of the Act and Regulations

19. Red Rock III submitted quarterly financial information to SBA under the requirements of 13 C.F.R. §107.630.

20. Red Rock III's quarterly financial submission for the period ending June 30, 2009 contained information that Red Rock III had a condition of capital impairment under 13 C.F.R. §§107.1830-1850.

21. By letter dated September 8, 2009, SBA notified Red Rock III that it had a condition of capital impairment of 64.26%, which exceeded Red Rock III's allowable maximum of 60% under 13 C.F.R. §§107.1830-1850 of the Regulations.  Pursuant to 13 C.F.R. §107.1820(f), SBA's letter also directed Red Rock III to cure the capital impairment within 15 (fifteen) days by increasing its regulatory capital by not less than $2,158,962, plus an amount equal to any additional unrealized depreciation and operating expenses incurred subsequent to June 30, 2009.  SBA's letter also notified Red Rock III that if it failed to cure its impairment as required by SBA, then SBA would impose Restricted Operations remedies under 13 C.F.R. §107.1820(f).

22. Red Rock III failed to cure its capital impairment in the time and manner required by SBA.

23. By letter dated February 16, 2010, SBA notified Red Rock III that it had failed to cure its condition of capital impairment as required, was not in compliance with the terms of its Leverage, and that SBA was transferring Red Rock III from operating status to liquidation status.

24. By letter dated September 12, 2011, SBA informed Red Rock III that its Capital Impairment percentage as of June 30, 2011 was 89.27%.

25. Red Rock III's quarterly financial submission for the period ending December 31, 2012 contained information that it had a Capital Impairment percentage of 110.11%.  Red Rock III's its quarterly financial submission for the period ending

COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF

December 31, 2013 contained information that it had a Capital Impairment percentage of 119.25%. Red Rock III's its quarterly financial submission for the period ending December 31, 2014 contained information that it had a Capital Impairment percentage of 128.87%.

26. Red Rock III continues to have a condition of Capital Impairment in excess of its permissible maximum of 60% under the Regulations, as confirmed by its most recent audited financial statements submitted to SBA on Form 468.

27. Under 13 C.F.R. § 107.1820, a Capital Impairment Percentage in excess of 100% is qualified as "extreme Capital Impairment." Pursuant to 13 C.F.R. § 107.1820(b)(1)(i), a licensee can only be considered to have a condition of extreme Capital Impairment after the first 8 years from your first issuance of Participating Securities.

28. Red Rock III was first issued participating securities on May 10, 2002, more than 8 years ago. As such, based upon its December 31, 2014 financial statements, Red Rock III currently has a condition of extreme Capital Impairment.

29. SBA has determined that due to Red Rock III's violation of applicable regulations, it is in the best interests of SBA in protecting its investment of federal funds that Red Rock III be placed into receivership in accordance with 15 U.S.C. §687c.

30. By execution of a Consent Order for Receivership and Stipulation for Entry of Consent Order for Receivership ("Consent Order") dated October 29, 2015, Red Rock III has already consented to the appointment of SBA as receiver of Red Rock III. A true and correct copy of the aforementioned executed Consent Order is attached hereto as Exhibit A to this Complaint.

**COUNT ONE**

**CAPITAL IMPAIRMENT**

31. Paragraphs 1 through 26 are incorporated by reference herein.

32. Section §107.1830(c) of the Regulations requires that Red Rock III not have a condition of Capital Impairment of greater than 60% (sixty percent) as defined under the Regulations.

33. Based on financial information submitted by Red Rock III, SBA determined that Red Rock III had a condition of Capital Impairment as its capital impairment percentage was over its allowable maximum of 60% (sixty percent) per 13 C.F.R. §107.1830-50.

34. SBA provided Red Rock III with an opportunity to cure its capital impairment as provided in SBA's regulations, 13 C.F.R. §107.1820(f).

35. Red Rock III failed to cure as required by SBA.

36. Red Rock III has violated SBA's regulations beyond the applicable cure period.

37. Red Rock III's violation of its capital impairment limitation constitutes nonperformance under the terms of its Participating Securities and is thereby also a violation of 13 C.F.R. §107.507(a).

38. In accordance with 15 U.S.C. §687c, SBA has determined that Red Rock III has engaged in or is about to engage in acts or practices which constitute or will constitute a violation of the Act or of any rule or regulation promulgated pursuant to the Act.

39. The Court is authorized under 15 U.S.C. §687c to take exclusive jurisdiction of Red Rock III and all of its assets, wherever located, and appoint SBA as receiver of Red Rock III.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Red Rock III, its managers, general partners, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursement or distribution of any assets of Red Rock III; (2) using,

investing, conveying, disposing, executing or encumbering in any fashion any assets of Red Rock III, wherever located; and (3) from further violating the Act or the Regulations promulgated thereunder.

    B.    That this Court determine and adjudicate Red Rock III's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

    C.    That this Court, pursuant to 15 U.S.C. §687c, (1) take exclusive jurisdiction of Red Rock III and all of its assets, wherever located, (2) appoint SBA as receiver of Red Rock III for the purpose of marshaling and liquidating the assets of Red Rock III, satisfying the claims of creditors as determined by the Court and (3) grant such other relief as contained in the Consent Order of Receivership filed concurrently herewith.

    D.    That this Court grant such other relief it deems just and proper.

Respectfully submitted,
BENJAMIN MIZER
PRINCIPAL DEPUTY ASSISTANT ATTORNEY GENERAL

BRIAN J. STRETCH
ACTING UNITED STATES ATTORNEY

ALEX G. TSE
Chief, Civil Division

Dated: 11/23/15

By: /s/ Eric J. Adams
ERIC J. ADAMS
Special Assistant United States Attorney
U.S. Small Business Administration
455 Market Street, Suite 600
San Francisco, CA  94105
Telephone: (415) 744-8440
Facsimile: (415) 744-6812
eric.adams@sba.gov